1 | RANDY S. GROSSMAN
Acting United States Attorney
2 | JOSEPH S. GREEN
Assistant United States Attorney
3 | California Bar No. 251169
ALEXANDRA F. FOSTER
4 | Assistant United States Attorney
Washington, D.C. Bar No. 470096
5 | Federal Office Building
880 Front Street, Room 6293
6 | San Diego, California 92101-8893
Telephone: (619) 546-6955
7 | Email: joseph.green@usdoj.gov



8 | Attorneys for United States of America

9

10 | **UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11

UNITED STATES OF AMERICA,    Case No. 19CR4488-JLS

12

       Plaintiff,

13 |    v.    PLEA AGREEMENT

14

VALORIE MOSER (5),

15

       Defendant.

16

17 |     IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

18 | AMERICA, through its counsel, Randy S. Grossman, Acting United States

Attorney, and Joseph S. Green and Alexandra F. Foster, Assistant United

19 | States Attorneys, and Defendant Valorie Moser, with the advice and

20 | consent of Anthony Colombo, counsel for Defendant, as follows:

21

                         I

22

               **THE PLEA**

23

24 |     Defendant agrees to plead guilty to an Information charging

Defendant with Conspiracy to Commit an Offense Against the United

25

States, in violation of Title 18, United States Code, § 371, to wit:

26

Sex Trafficking by Force, Fraud and Coercion, in violation of Title 18,

27

United States Code, § 1591.

28

Plea Agreement    Def. Initials _vm_

19CR4488-JLS

1    The Government agrees to (1) move to dismiss the remaining charges
2  without prejudice when Defendant is sentenced, and (2) not prosecute
3  Defendant thereafter on such dismissed charges unless Defendant
4  breaches the plea agreement or the guilty plea entered pursuant to this
5  plea agreement is set aside for any reason. If Defendant breaches this
6  agreement or the guilty plea is set aside, section XII below shall
7  apply.

8    If in-person criminal proceedings are suspended, Defendant will
9  consent to plead guilty by video teleconference (VTC) or by telephone
10  if VTC is unavailable, and will join in any necessary motion for the
11  District Court to authorize the change of plea hearing to proceed via
12  VTC or telephone.

13                                  II

14                      **NATURE OF THE OFFENSE**

15    A.    ELEMENTS EXPLAINED

16    The offense to which Defendant is pleading guilty has the following
17  elements:

18    1.    There was an agreement between two or more persons to engage
19  in Sex Trafficking by Force, Fraud and Coercion, in violation of Title
20  18, United States Code, Section 1591.

21    2.    The defendant became a member of the conspiracy knowing at
22  least one of its objects and intending to help accomplish it.

23    3.    One of the members of the conspiracy performed at least one
24  overt act for the purpose of carrying out the conspiracy.

25    B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

26    Defendant has fully discussed the facts of this case with defense
27  counsel. Defendant has committed each element of the crime and admits

28

                                  2

                                        Def. Initials  *VM*
                                        19CR4488-JLS

that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.  From approximately 2015 to 2018, Defendant participated in a conspiracy with Michael James Pratt, Matthew Isaac Wolfe, Ruben Andre Garcia, Theodore Wilfred Gyi, Amberlyn Dee Nored, and others, to recruit young adult women (typically approximately 18 to 20 years old) to engage in commercial sex acts using force, fraud or coercion.

2.  Michael Pratt was the owner and operator of the pornography website girlsdoporn.com.  Girlsdoporn.com featured sex videos of young adult women appearing in their first pornographic video.  Matthew Wolfe was Pratt's friend and business partner.  Wolfe operated the website girlsdotoys.com, which featured many of the same women appearing in pornographic videos with sex toys. The two websites, girlsdoporn.com and girlsdotoys.com, were run by Pratt and Wolfe as a single business venture (referred to here as "GDP").  Both websites were supported by the same employees operating out of a shared office in San Diego. GDP charged visitors a subscription fee to access the websites' content.  The websites generated millions of dollars in revenue for Pratt and Wolfe.  Ruben Andre Garcia recruited young women to appear in the videos and worked as the male performer in many videos.  Theodore Wilfred Gyi was a videographer

3

Def. Initials _____
19CR4488-JLS

hired by Pratt and Wolfe to film pornographic videos with the young women and, often, Garcia.

3. Defendant was employed as an administrative assistant at GDP from approximately 2015 to 2018. Defendant served as GDP's bookkeeper, made travel arrangements for models, provided transportation for the young women to and from their video shoots while in San Diego, and performed other miscellaneous tasks. She reported her accounting activities to Wolfe, and her interactions with the young women to Pratt and others.

4. Defendant was aware that GDP produced pornographic videos for publication on girlsdoporn.com and girlsdotoys.com and that the young women who were being recruited to appear in the videos had been provided false assurances that the videos would not be published on the internet. For example, Defendant overheard Pratt, using the alias "Mark," tell prospective models that the video footage would be distributed on DVDs in Australia and that the models would remain anonymous, statements that Defendant knew were false.

5. Defendant transported approximately 100 women who had flown to San Diego from the airport to local hotels and short-term rental units to make videos for GDP. Pratt instructed Defendant that if any of the women asked about where the videos were being distributed, she should not tell them the truth and instead answer that she was "just an Uber driver." Later, Pratt instructed Defendant to

tell prospective models that there was a non-disclosure agreement in place that prevented her from disclosing anything. Defendant abided by both instructions. Under no circumstances was she to tell the models the truth, that the videos would be posted on porn websites.

6.    After the videos were posted on-line and widely available for public viewing, many of the young women who had appeared in videos contacted Defendant to ask that the videos be taken down. Pratt, Wolfe and Garcia told Defendant to block any telephone calls or messages from the young women "complaining" about the posting of their videos on the internet.

7.    Defendant attempted to recruit young women in order to earn additional compensation as part of the conspiracy. Pratt and Garcia told her that if she could successfully recruit, she would receive additional compensation and would be paid more based on the attractiveness of the model, as gauged by Pratt. Defendant was aware that Pratt had a grading system for the young woman. Pratt instructed Defendant to tell all prospective models that the video footage made would be released on DVD to Australia – something that Defendant knew was false. Defendant never actually conveyed the false information to any prospective models as Defendant's attempts to contact the prospective models were unsuccessful. Defendant's calls where either unanswered or she was immediately hung up on. Pratt had provided to Defendant

*vm*

Plea Agreement

Def. Initials _____
19CR4488-JLS

a list of names and numbers of prospective models to call. Pratt instructed Defendant to use a "spoof" program that allowed Defendant to conceal the actual telephone number of the cellphone she was calling from.

### III

### PENALTIES

The crimes to which Defendant is pleading guilty carries the following penalties:

A.   a maximum 5 years in prison;

B.   a maximum $250,000 fine;

C.   a mandatory special assessment of $100 per count;

D.   a maximum term of supervised release of 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND
### UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

6

Def. Initials _*tm*_

19CR4488-JLS

1    F.   Not testify or have any adverse inferences drawn from the

2         failure to testify.

                                   **V**

3

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE

4    ### PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

5         Any information establishing the factual innocence of Defendant

6    known to the undersigned prosecutor in this case has been turned over

7    to Defendant. The Government will continue to provide such information

8    establishing the factual innocence of Defendant.

9         If this case proceeded to trial, the Government would be required

10   to provide impeachment information for its witnesses. In addition, if

11   Defendant raised an affirmative defense, the Government would be

12   required to provide information in its possession that supports such a

13   defense. By pleading guilty Defendant will not be provided this

14   information, if any, and Defendant waives any right to this information.

15   Defendant will not attempt to withdraw the guilty plea or to file a

16   collateral attack based on the existence of this information.

17                                  **VI**

18

### DEFENDANT'S REPRESENTATION THAT GUILTY

19   ### PLEA IS KNOWING AND VOLUNTARY

20   Defendant represents that:

21   A.   Defendant has had a full opportunity to discuss all the facts
          and circumstances of this case with defense counsel and has
22        a clear understanding of the charges and the consequences of
          this plea. By pleading guilty, Defendant may be giving up,
23        and rendered ineligible to receive, valuable government
          benefits and civic rights, such as the right to vote, the
24        right to possess a firearm, the right to hold office, and the
          right to serve on a jury. The conviction in this case may
25        subject Defendant to various collateral consequences,
          including but not limited to revocation of probation, parole,
26        or supervised release in another case; debarment from
          government contracting; and suspension or revocation of a
27        professional license, none of which can serve as grounds to
          withdraw Defendant's guilty plea.

28

Plea Agreement                          Def. Initials _____ *vm*
                                        19CR4488-JLS

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.  No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

# VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

# VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the

8

*vm*

Def. Initials _____
19CR4488-JLS

1  Government's duty to provide complete and accurate facts to the district
2  court and the U.S. Probation Office.

3                                    IX

4              **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

5       This plea agreement is made pursuant to Federal Rule of Criminal
6  Procedure 11(c)(1)(B). The sentence is within the sole discretion of
7  the sentencing judge who may impose the maximum sentence provided by
8  statute. It is uncertain at this time what Defendant's sentence will
9  be. The Government has not made and will not make any representation
10 about what sentence Defendant will receive. Any estimate of the probable
11 sentence by defense counsel is not a promise and is not binding on the
12 Court. Any recommendation by the Government at sentencing also is not
13 binding on the Court. If the sentencing judge does not follow any of
14 the parties' sentencing recommendations, Defendant will not withdraw
15 the plea.

16                                    X

17              **PARTIES' SENTENCING RECOMMENDATIONS**

18      A.   SENTENCING GUIDELINE CALCULATIONS

19      Although the Guidelines are only advisory and just one factor the
20 Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
21 the parties will jointly recommend the following Base Offense Level,
22 Specific Offense Characteristics, Adjustments, and Departures:

23
24          1.   Base Offense Level [§ 2G1.1]                    34
            2.   Minimal Role [§ 3B1.2]                          -4
25          3.   Acceptance of Responsibility [§ 3E1.1]          -3

        B.   ACCEPTANCE OF RESPONSIBILITY
26
27      Despite paragraph A above, the Government need not recommend an
28 adjustment for Acceptance of Responsibility if Defendant engages in

                                    9

conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

    2.   Falsely denies prior criminal conduct or convictions;

    3.   Is untruthful with the Government, the Court or probation officer; or

    4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

1     F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

2        The Government will recommend that Defendant be sentenced to the

3 low end of the advisory guideline range as calculated by the Government.

4     G.    SPECIAL ASSESSMENTS/FINE/RESTITUTION

5        1.    Special Assessments

6        The parties will jointly recommend that Defendant pay a special

7 assessment in the amount of $100.00 per felony count of conviction.

8        2.    Fine

9        The parties will not recommend imposition of a fine.

10        3.    Restitution

11        An order of restitution may be ordered in an amount determined by

12 the court.

13     H.    SUPERVISED RELEASE

14        If the Court imposes a term of supervised release, Defendant will

15 not seek to reduce or terminate early the term of supervised release

16 until Defendant has served at least 2/3 of the term of supervised

17 release and has fully paid and satisfied any special assessments, fine,

18 criminal forfeiture judgment, and restitution judgment.

19                                         **XI**

20        **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

21        Defendant waives (gives up) all rights to appeal and to

22 collaterally attack every aspect of the conviction and sentence. This

23 waiver includes, but is not limited to, any argument that the statute

24 of conviction or Defendant's prosecution is unconstitutional and any

25 argument that the facts of this case do not constitute the crime

26 charged. The only exception is that Defendant may collaterally attack

27 the conviction or sentence on the basis that Defendant received

28

Plea Agreement                           Def. Initials *VM*
                                                19CR4488-JLS

1  ineffective assistance of counsel. If Defendant appeals, the Government
2  may support on appeal the sentence or restitution order actually
3  imposed.

4                                    **XII**

5                      **BREACH OF THE PLEA AGREEMENT**

6       Defendant and Defendant's attorney know the terms of this agreement
7  and shall raise, before the sentencing hearing is complete, any claim
8  that the Government has not complied with this agreement. Otherwise,
9  such claims shall be deemed waived (that is, deliberately not raised
10 despite awareness that the claim could be raised), cannot later be made
11 to any court, and if later made to a court, shall constitute a breach
12 of this agreement.

13      Defendant breaches this agreement if Defendant violates or fails
14 to perform any obligation under this agreement. The following are non-
15 exhaustive examples of acts constituting a breach:

16          1.   Failing to plead guilty pursuant to this agreement;
17          2.   Failing to fully accept responsibility as established in
18               Section X, paragraph B, above;
19          3.   Failing to appear in court;
20          4.   Attempting to withdraw the plea;
21          5.   Failing to abide by any court order related to this case;
22          6.   Appealing (which occurs if a notice of appeal is filed)
23               or collaterally attacking the conviction or sentence in
24               violation of Section XI of this plea agreement; or
25          7.   Engaging in additional criminal conduct from the time of
26               arrest until the time of sentencing.

27

28

Plea Agreement                          12          Def. Initials _____  *vm*
                                                             19CR4488-JLS

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of

1 | Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
2 | any other federal rule.

3 | ### XIII

4 | ### CONTENTS AND MODIFICATION OF AGREEMENT

5 | This plea agreement embodies the entire agreement between the
6 | parties and supersedes any other agreement, written or oral. No
7 | modification of this plea agreement shall be effective unless in writing
8 | signed by all parties.

9 | ### XIV

10 | ### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

11 | By signing this agreement, Defendant certifies that Defendant has
12 | read it (or that it has been read to Defendant in Defendant's native
13 | language). Defendant has discussed the terms of this agreement with
14 | defense counsel and fully understands its meaning and effect.

15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 |
28 |

*vm*

1                              XV

2                DEFENDANT SATISFIED WITH COUNSEL

3        Defendant  has  consulted  with  counsel  and  is  satisfied  with

4    counsel's representation. This is Defendant's independent opinion, and

5    Defendant's counsel did not advise Defendant about what to say in this

6    regard.

                                    RANDY S. GROSSMAN
7                                   Acting United States Attorney

8    **4/6/2021**

9    DATED                          *Joseph S Green*
                                    JOSEPH S. GREEN
                                    ALEXANDRA F. FOSTER
10                                  Assistant U.S. Attorneys

11
     *3/2/21*
12   DATED                          ANTHONY COLOMBO
                                    Defense Counsel
13
     IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
14   PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE
     ARE TRUE.
15

16    3/2/2021                      *Valorie Moser*

17   DATED                          VALORIE MOSER
                                    Defendant

18

19

20

21

22

23

24

25

26

27

28
                                                                          *vm*
     Plea Agreement                          Def. Initials _____
                                                       19CR4488-JLS